**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Arnoldo Veloz HERNANDEZ, Defendant–Appellant.**

**No. 91–2245.**

United States Court of Appeals, Tenth Circuit.

June 24, 1992.

Frederick Jones, Jr., of Albuquerque, N.M., for defendant-appellant.

Don J. Svet, U.S. Atty., and James D. Tierney, Asst. U.S. Atty., for plaintiff-appellee.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Appellant Arnoldo Hernandez appeals the district court's final judgment and sentence after appellant entered a plea of guilty to one count of maintaining a place to manufacture a controlled substance in violation of 21 U.S.C. § 856 and one count of using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On appeal, Hernandez raises the following three issues: (1) whether the district court incorrectly applied United States Sentencing Guidelines (U.S.S.G.) § 3B1.1(c) to adjust the offense level upward by two levels; (2) whether the district court incorrectly applied U.S.S.G. § 3C1.1 to adjust the offense level upward by two levels; and (3) whether the district court incorrectly applied U.S.S.G. § 3E1.1 when it refused to adjust the offense level downward by two levels. We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.[1]

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

The presentence report revealed the following information. On November 26, 1990, Marcos Sisneros, a codefendant of Hernandez, called Hernandez's phone number in Carlsbad, New Mexico. Sisneros placed this call in the presence of several undercover agents. During the negotiation for the delivery of five kilograms of cocaine, Sisneros informed the undercover agents that he was speaking with the source of supply for the cocaine. Sisneros identified his source as "Arnold."

On November 28, 1990, the undercover agents met with Sisneros to arrange for delivery of the five kilograms of cocaine. Sisneros told the agents that his source of supply wanted him to inspect the money first because the source had once received counterfeit money in return for narcotics. After inspecting the money, Sisneros told the agents that his source of supply would not sell the cocaine until he had the money "up front."

The agents proposed to pay Sisneros $46,000, the price for two kilograms of cocaine, upon Sisneros' delivery of one kilogram. Sisneros reported that he would have to discuss the agent's proposal with his source. Agents then followed Sisneros directly to Hernandez's residence.

A short time later, Sisneros returned and delivered one kilogram of cocaine. He was then arrested. The agents subsequently conducted a search at Hernandez's residence—where they found Hernandez in a vehicle with Sisneros' father. Hernandez had a firearm within his reach inside the vehicle. A search of the property also revealed two kilograms of cocaine, and Sisneros informed the agents that Hernandez had provided him with the other kilogram of cocaine.

The grand jury returned a multi-count indictment charging Hernandez with conspiracy to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846; possession of more than 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); distribution of more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Hernandez entered pleas of guilty to use of a firearm during a drug trafficking crime and to an information charging establishment of manufacturing operations.

■ Hernandez contends that the district court incorrectly applied U.S.S.G. § 3B1.1 to adjust the offense level upward by two levels. Section 3B1.1(c) provides that "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity ... increase by 2 levels." We review the district court's finding that Hernandez was an organizer or leader under the clearly erroneous standard. *United States v. Walker*, 931 F.2d 631, 636 (10th Cir.1991).

■ Throughout the drug transaction that involved Marcos Sisneros, Hernandez acted as the "source" and directed Sisneros' actions. During the negotiations for purchase of the controlled substance, Sisneros repeatedly checked with Hernandez and acted pursuant to the directions that he received from Hernandez. This evidence demonstrates that Hernandez controlled both the manner and place of delivery. *See United States v. Morgan*, 936 F.2d 1561, 1574 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1190, 117 L.Ed.2d 431 (1992). Thus, the district court's determination that Hernandez was a leader or organizer was not clearly erroneous.

■ Hernandez asserts that the district court erred in increasing his offense level by two levels for obstruction of justice under U.S.S.G. § 3C1.1.[2] We will not overturn the district court's determination that the defendant obstructed justice unless it is clearly erroneous. *United States v. Williams*, 897 F.2d 1034, 1041 (10th Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct.

---

**2.** U.S.S.G. § 3C1.1 provides that

[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

2064, 114 L.Ed.2d 469 (1991). The evidence must demonstrate that the defendant consciously acted with the purpose to obstruct justice. *United States v. Gardiner,* 931 F.2d 33, 35 (10th Cir.1991).

■ In this case, the government introduced evidence that Hernandez, while incarcerated at the Bernalillo County Detention Center, asked Sisneros to retract the information Sisneros provided the authorities. Hernandez told Sisneros that if he would tell the police that he had obtained the cocaine from someone other than Hernandez, Hernandez would obtain a lawyer for him. Sisneros refused and reported the conversation to the police. We have held that attempting to influence the testimony of a potential witness can form the basis for an upward departure for obstruction of justice. *See United States v. McCann,* 940 F.2d 1352, 1360 (10th Cir.1991); U.S.S.G. § 3C1.1 comment 3(a). Therefore, we conclude that the government met its burden of proof and that the district court's upward departure was not clearly erroneous.

■ Hernandez also claims that the district court was clearly erroneous in finding that he was not entitled to a decrease in his base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.[3] In *United States v. Whitehead,* 912 F.2d 448, 451 (10th Cir.1990), we held that the district court's determination of acceptance of responsibility is a question of fact that is reviewed under the clearly erroneous standard. Hernandez contends that he was entitled to the two-level downward adjustment because he pled guilty and because the parties stipulated to the two-level downward adjustment. First, this type of stipulation does not bind the district court in its sentencing decision. *See United States v. Easterling,* 921 F.2d 1073, 1078–79 (10th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991). Second, Hernandez bore the burden of proving by a preponderance of the evidence that he was entitled to a departure for acceptance of responsibility. *Whitehead,* 912 F.2d at 450. Hernandez never made a statement accepting criminal responsibility. Instead, he merely argued that his plea of guilty entitled him to the departure. We have held that a plea of guilty, without more, does not automatically entitle a defendant to the two-level reduction based on acceptance of responsibility. *See United States v. Ruth,* 946 F.2d 110, 113 (10th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1189, 117 L.Ed.2d 431 (1992); *see also Whitehead,* 912 F.2d at 450–51. Therefore, we conclude that the district court did not err in refusing to depart downward.

AFFIRMED.

■

---

**3.** U.S.S.G. § 3E1.1 provides the following:
*Acceptance of Responsibility*
(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
(b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.
(c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.