974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leticia CISNEROS, Defendant-Appellant.
 No. 92-2009.
 United States Court of Appeals, Tenth Circuit.
 Aug. 28, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Defendant Leticia Cisneros pleaded guilty to two counts of being an alien in possession of a weapon, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2) (Counts I and II), failure to appear for arraignment, in violation of 18 U.S.C. § 3146(a) and (b)(1)(A)(ii) (Count V), and falsely representing her social security number for purposes of obtaining a driver's license, in violation of 42 U.S.C. § 408(a)(7)(B) (Count VI). The court sentenced her to fifteen months imprisonment on the weapons and false social security Counts I, II and VI, with a consecutive six month sentence on the failure to appear for arraignment Count V, followed with three years supervised release to run concurrently on all counts.
 Defendant appeals the sentence imposed upon her, making the following contentions: (1) the sentence violates the Ex Post Facto Clause of the United States Constitution because the guidelines the court applied to the crimes charged in Counts I and II were more onerous than those in effect at the time she committed those crimes; (2) the court erred in using defendant's failure to appear, that was the basis of Count V, and her activities with respect to securing a false social security number, that was the basis of Count VI, for a two point obstruction of justice enhancement; and (3) the court erred when it refused to grant a two point reduction for acceptance of responsibility.
 The government admits that the Counts I and II offenses, alien in possession of weapons, occurred February 1, 1988, and March 30, 1988, when the base offense level for such offenses was nine. There was a delay in bringing defendant to trial because she failed to appear at her arraignment, fled to Mexico, and was not apprehended until August 7, 1991, after she had reentered the United States and established another identity. In the interim between the Counts I and II offenses and the arrest and apprehension in 1991, the guidelines were amended to increase the base offense level for Counts I and II to twelve. See U.S.S.G. § 2K2.1(a), effective November 1, 1989. It was this enhanced offense level that was utilized by the district court in its sentencing on Counts I, II and VI. The government concedes that this court decided in United States v. Saucedo, 950 F.2d 1508, 1513, 1515 n. 12 (10th Cir.1991), that the Ex Post Facto Clause applies to punishment increases brought about by changes in the sentencing guidelines and prohibits retroactive application of a changed guideline when it disadvantages a defendant. Thus, the government concedes that the case should be remanded for the purpose of resentencing, employing the proper base offense levels for the convictions on Counts I and II. We agree.
 The sentencing court also increased defendant's base offense calculation two levels for obstruction of justice, apparently relying both upon the defendant's failure to appear for arraignment, that formed the basis of Count V, and defendant's use of a false social security number to obtain a driver's license and a different identity, that formed the basis of Count VI. When apprehended after a tip to local police and surveillance outside a bar, defendant insisted that she was Patricia Ponce (the name she used on the driver's license obtained under the false social security number), and continued to deny her true identity until her fingerprints taken at the scene were determined to be those of Leticia Cisneros. Defendant's argument, based on United States v. Lacey, No. 91-3255, 1992 WL 158730 (10th Cir. July 9, 1992), is that the mandatory consecutive sentence dictated by law for Count V, the failure to appear at arraignment, prohibits use of that conviction for a two point enhancement for obstruction of justice. Her argument that the false social security number should not have been used for the obstruction of justice enhancement appears to be an argument that defendant's denial of her true identity when questioned and arrested did not actually obstruct justice.
 We do not have to consider the arguments concerning the failure to appear for arraignment (the basis of the Count V charge) because we are satisfied that the enhancement based on defendant's use of a false social security number adequately supports the court's increase for obstruction of justice. We agree with the government that United States v. Gardiner, 931 F.2d 33 (10th Cir.1991), and United States v. Urbanek, 930 F.2d 1512 (10th Cir.1991), as well as U.S.S.G. § 3C1.1, comment. (n. 3(c)), support the enhancement. Even though the government was able to identify defendant through her fingerprints at the time she was first apprehended without any significant delay, her use of the false social security number to create a false identity to avoid detection until the officers received a crimestopper's tip, many months after she fled to Mexico to avoid arraignment, amply supports the obstruction of justice enhancement.
 
 
 1
 Defendant asserts that the record in this case is not clear as to whether the district court intended to deny defendant the two point reduction for acceptance of responsibility she sought. At the same time, defendant appears to acknowledge that the court did deny the reduction. Insofar as defendant faults the district court for failure to make its intention clear, now that the matter has been brought to the court's attention we have no doubt that in the resentencing proceedings on remand the district court will state its intention plainly.
 
 
 2
 Insofar as defendant asserts that the court was required to give defendant a two point reduction for acceptance of responsibility, we disagree. Defendant's actions in fleeing arraignment, hiding in Mexico, reentering the United States, assuming a false identity, and denying her real identity until confronted with fingerprint proof, amply supports the court's apparent denial of the two point reduction for acceptance of responsibility. This court has held that merely admitting guilt is not sufficient to earn such a reduction. United States v. Hernandez, 967 F.2d 456 (10th Cir.1992). See also U.S.S.G. § 3E1.1(c). That the admission of guilt occurred in the context of a negotiated guilty plea induced in part by the prosecution's dropping of two counts of a criminal complaint further weakens defendant's argument for a sentence reduction.
 
 
 3
 We remand the case for resentencing based upon the government's admission that the presentence report, relied upon by the court, applied the wrong offense level guideline on Counts I and II.
 
 
 4
 IT IS SO ORDERED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3