991 F.2d 804
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alonzo Rio LIZARRAGA, Defendant-Appellant.
 No. 90-50429.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
 Decided April 22, 1993.
 
 Before HALL, RYMER and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alonzo Rio Lizarraga appeals his jury conviction and sentence under the Federal Sentencing Guidelines for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).
 
 
 3
 * Lizarraga argues that the district court erred in admitting evidence of his 1977 and 1981 drug convictions under Federal Rule of Evidence 404(b). This circuit has articulated a four part test to determine whether evidence is admissable under rule 404(b). United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990). As an initial matter, there must be sufficient evidence that the prior crimes occurred. Id. Lizarraga concedes that this requirement is satisfied by virtue of his guilty pleas to both crimes.
 
 
 4
 In addition, in cases such as this one, where the evidence of prior crimes is being offered to prove intent, the government must establish that the prior crimes are similar to the offense charged. United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989). Like the instant case, the 1977 and 1981 convictions involved the distribution of illegal narcotics. Thus, they show that Lizarraga knew about drugs and was familiar with drug trafficking. Consequently, we conclude that the district court did not err in finding that the 1977 and 1981 convictions were substantially similar to the offense charged.
 
 
 5
 Lizarraga points to the fact that the 1981 conviction involved heroin and not cocaine. This is not significant. It is well established that the relevant factor is the type of activity undertaken and not the identity of the drugs. United States v. Rubio-Villareal, 927 F.2d 1495, 1503 n. 9 (9th Cir.1991). Nor are we persuaded by Lizarraga's contention that the 1981 conviction involved a use-related offense. Like the case before us, it is clear that Lizarraga was involved in a commercial scheme to distribute narcotics for profit.
 
 
 6
 The third factor that must be considered in determining whether evidence of past crimes should be admitted under rule 404(b) is the length of time between the prior convictions and the offense charged. Because the crimes at issue in this case took place in 1989, Lizarraga argues that the 1977 and 1981 convictions are too remote and should not have been admitted.
 
 
 7
 We disagree. In United States v. Spillone, 879 F.2d 514, 519 (9th Cir.1989), we expressly refused to adopt a bright line rule concerning remoteness. Rather than rely on an inflexible standard that excludes evidence of prior crimes after a certain amount of time lapses, we embraced a theory of admissability that considers remoteness in conjunction with other factors. Id. In this case, we believe that the offenses are sufficiently similar that the prior convictions remain probative and relevant and are not so remote as to require exclusion. See United States v. Kindred, 931 F.2d 609, 613 (9th Cir.1991) (finding that an eleven-year-old conviction was not too remote in time); United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989) (finding that a thirteen-year-old conviction was not too remote in time).
 
 
 8
 Finally, the fourth requirement provides that the prior convictions be introduced to prove a material issue in the case. United States v. Hadley, 918 F.2d 848, 851 (9th Cir.1990). The prosecution of Lizarraga hinged on establishing that he was aware that cocaine was present in the tool box that he gave to Tomas De La Rocha. The government offered the prior convictions to prove that Lizarraga was aware of the presence of the cocaine. As a result, we conclude that the district court did not err in finding that the relevance requirement was satisfied.
 
 
 9
 Lizarraga contends that the 1977 and 1981 convictions do not help establish his knowledge and intent in this case. We are not persuaded by this argument. The prior convictions illustrated that Lizarraga was a drug supplier who used middlemen to do the front work for him. In this case, De La Rocha repeatedly mentioned that he had a supplier, was observed meeting with Lizarraga, and obtained a tool box from him containing cocaine that De La Rocha sold to undercover law enforcement officers. Using the prior conviction evidence, the jury could infer that Lizarraga was again acting as a drug supplier, that De La Rocha was serving as a middleman for him on this occasion, and that Lizarraga knew that cocaine was in the tool box because these were the drugs that Lizarraga gave De La Rocha to sell.
 
 
 10
 Thus, the four requirements necessary to admit evidence of prior convictions under rule 404(b) are satisfied in this case. However, this does not end our inquiry. We are also required to determine if the district court abused its discretion in finding that the probative value of the evidence outweighed its prejudicial effect. United States v. Hadley, 918 F.2d 848, 852 (9th Cir.1990). As explained immediately above, the evidence was highly probative on the issues of knowledge and intent. Moreover, while the evidence was obviously prejudicial, the district court took care to limit its effect on the jury. The prosecution was only allowed to introduce evidence of two convictions and a limiting instruction was provided by the trial judge. Under these circumstances we can not say that the probative value of the prior conviction evidence was outweighed by the danger of unfair prejudice.
 
 
 11
 On the basis of the foregoing analysis we conclude that the district court did not abuse its discretion in admitting evidence of Lizarraga's prior convictions under rule 404(b).
 
 II
 
 12
 Lizarraga also argues that the district court erred in enhancing his offense level based on its finding that he was a "manager" within the meaning of § 3B1.1 of the Federal Sentencing Guidelines. We disagree.
 
 
 13
 There was ample evidence to conclude that Lizarraga was the leader of a criminal activity. It is undisputed that he was the supplier of the narcotics at issue in this case. In addition, at trial Investigator Jauch testified that De La Rocha informed him that before he could sell the agents the five kilograms of cocaine they wanted to buy, his connection (the appellant) had instructed him to complete a sale of one-half a kilogram. This indicates that De La Rocha was taking orders from the appellant, and that the appellant had ultimate control of the operation. Finally, the district court adopted the finding in the presentence report that the appellant attempted to recruit De La Rocha to sell narcotics.[1]
 
 
 14
 Thus, there was evidence that the appellant was the supplier of drugs, that he was in a position to exercise considerable decision-making authority, that he actually exercised control over others, and that he attempted to recruit an accomplice. The commentary to § 3B1.1 makes it clear that these are all factors which indicate a leadership role in an offense and warrant a sentence enhancement. Moreover, under similar circumstances, other Courts of Appeals have upheld district court decisions to depart upward under § 3B1.1(c).
 
 
 15
 For example, in United States v. Beaulieau, 959 F.2d 375, 378 (2d Cir.1992), the district court found that the appellant was a manager within the meaning of § 3B1.1(c) because he was a drug supplier. On appeal, the Second Circuit upheld the district court's finding. It based this decision on the fact that as the supplier, the appellant had overall control of the drug transactions at issue, and that he actually exercised authority over others. Id. at 380. Beaulieau is indistinguishable from Lizarraga. See also United States v. Hernandez, 967 F.2d 456, 458 (10th Cir.1992).
 
 
 16
 Although this case may not be as clear-cut as others that the Ninth Circuit has considered, we should not reverse because it is a close case. The applicable standard of review is clear error. Carvajal, 905 F.2d at 1295. Under these circumstances, we are not prepared to say that the district court's finding that the appellant was a manager within the meaning of § 3B1.1(c) was clearly erroneous.
 
 
 17
 AFFIRMED.
 
 D.W. NELSON, Circuit Judge, dissenting:
 
 18
 I concur in Part I, but I respectfully dissent from Part II, concerning the sentencing enhancement for a leadership role. After carefully reviewing the record in this case, I am convinced that Mr. Lizarraga's only role here was to supply the drugs and that he did not exercise control over the one other member of the conspiracy, De la Rocha. None of the six government witnesses testified to the recruitment claim and there is no other evidence that the appellant recruited anyone to sell drugs.[2]
 
 
 19
 Other evidence presented at trial suggests that, if either of the two participants was in control, it was De la Rocha. Indeed, it was De la Rocha, who later pled guilty and cooperated with the prosecution, whom the government agents initially investigated because their reliable informant said he was a key figure in large drug deals and whom agents met with repeatedly at his family residence. It was De la Rocha who recruited his own son, Joe Jr., into his drug enterprise, and who set up the sample half kilo sale and unilaterally decided the agents could pay him for it later. It was De la Rocha who negotiated the ultimate deal, and who was videotaped picking up the drugs and delivering them to the agents. Finally, no weapons were found in the search of the appellant's home, whereas weapons were found by government agents in De la Rocha's two residences.
 
 
 20
 The majority cites a Second Circuit case, U.S. v. Beaulieau, 959 F.2d 375 (2d Cir.1992) for the proposition that an individual is a manager within the meaning of § 3B1.1(c) simply if he serves as a supplier. However, the court in Beaulieau reached its conclusion that the appellant was a manager by relying not only on his supplier status, but also on his many other managerial duties including his responsibility to weigh and package the drugs, and his power to set prices and unilaterally alter drug deals set up by others involved in the conspiracy. Id. at 380. In contrast, there is no evidence that Lizarraga exercised any such powers over the drug dealing operation in general nor over De la Rocha in particular.
 
 
 21
 In sum, the evidence at best indicates that Mr. Lizarraga and Mr. De la Rocha were equal partners, and this would not warrant an enhancement under § 3B1.1(c).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, the appellant argues that the presentence report is not accurate. It is unclear whether the appellant lodged this objection during the sentencing hearing. Although appellant's counsel initially indicated that she disagreed with the presentence report's conclusion that the appellant attempted to recruit De La Rocha to sell drugs, she later conceded that the presentence report was factually correct. In any event, we hold that the district court's adoption of the presentence report's finding was not clearly erroneous
 
 
 [2]
 The majority is not correct when it states that Mr. Lizarraga did not object to unsupported allegations about recruitment in the Presentence Report. In fact, Mr. Lizarraga filed a Motion to Correct Presentence Report and Statement of Formal Objection Thereto on July 23, 1990, four days prior to sentencing