34 F.3d 1077
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jason KIRBY, Defendant-Appellant.
 No. 93-6315.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 I. BACKGROUND
 
 2
 On July 1, 1993, Petitioner Jason Kirby pled guilty to using a communication facility in facilitating the knowing and intentional possession with the intent to distribute lysergic acid diethylamide (LSD) in violation of 21 U.S.C. 843(b). Petitioner was sentenced to 48 months incarceration and one year of supervised release. Petitioner was also ordered to pay a special assessment of $50. This appeal followed.
 
 
 3
 Petitioner raises two arguments on appeal. First, he asserts that the trial court was in error in not awarding him a reduction in his sentence for accepting responsibility for his offense. Second, he contends that his case should be remanded for resentencing in accordance with an amendment to the United States Sentencing Commission, Guidelines Manual, 2D1.1 (Nov.1993) (hereinafter Sentencing Guidelines or U.S.S.G.), made effective subsequent to his sentencing.
 
 II. DISCUSSION
 
 4
 Section 3E1.1(a) of the Sentencing Guidelines provides that a defendant's offense level for purposes of sentencing should be decreased by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. 3E1.1(a). Whether a defendant has accepted responsibility for his offense is a question of fact, and we review the district court's determination under a clearly erroneous standard. United States v. Hernandez, 967 F.2d 456, 459 (10th Cir.1992). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," U.S.S.G. 3E1.1 application note 5, our review of the trial court's finding must be highly deferential, United States v. Johnson, 911 F.2d 1394, 1402 (10th Cir.1990), cert. denied, 498 U.S. 1050 (1991).
 
 
 5
 Petitioner was initially given a three level reduction of his sentence for acceptance of responsibility. At the sentencing hearing, however, Petitioner attempted to explain that he had been coerced into committing his offense. Having heard Petitioner's explanation, the trial court decided that "the story you've told just now justifies the removal of the acceptance of responsibility downward adjustment that was previously granted to you. It's obvious to me and apparently to the probation officer that you accept no responsibility and for no valid reason."
 
 
 6
 Petitioner contends that his statements at the sentencing hearing were made under a mistaken understanding of the law. He further argues that, taken as a whole, his statements at the sentencing hearing demonstrated his genuine contrition, requiring a reduction in his sentence in accordance with section 3E1.1(a).
 
 
 7
 In light of the deference we must afford a sentencing judge in such determinations, we have no moment to disturb his finding in this case. Despite Petitioner's obvious misunderstanding of the law regarding coercion, the transcript of the sentencing hearing clearly shows that the trial court's judgment did not constitute clear error. Petitioner therefore is not entitled to a reduction in his sentence for acceptance of responsibility.
 
 
 8
 Petitioner next contends that his case should be remanded for resentencing in accordance with recent amendments to the Sentencing Guidelines. Effective November 1, 1993, section 2D1.1 of the Guidelines was amended with regard to determining the weight of LSD without the weight of the carrier medium. The amendment reads: "In the case of LSD on a carrier medium (e.g., a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 mg of LSD for the purposes of the Drug Quantity Table." U.S.S.G. app. C, amend. 488.
 
 
 9
 Section 1B1.10(a) of the Guidelines sets forth the terms under which amendments shall be applied retroactively: "Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. 3582(c)(2)." U.S.S.G. 1B1.10(a). Subsection (d) includes Amendment 488, the change in the method of determining the weight of LSD for setting the guideline sentence. Id. 1B1.10(d). Section 1B1.10 therefore dictates that the LSD weight amendment be applied retroactively. Thus, Petitioner is entitled to a remand to the trial court for resentencing in accordance with the new procedure.
 
 
 10
 The trial court's determination that Petitioner was not entitled to a reduction in sentence for acceptance of responsibility is AFFIRMED. The case is REMANDED to the trial court for resentencing in accordance with Amendment 488 to the Sentencing Guidelines.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470