**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

—————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LAMONT KEITH JENNINGS,

    Defendant-Appellant.

No. 99-3124
(D. Kan.)
(D.Ct. No. 97-CR-40006)

—————————————————

**ORDER AND JUDGMENT**\*

—————————————————

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

—————————————————

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Lamont Keith Jennings appeals the district court's decision

---

\* This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

sentencing him to 151 months in prison. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

The government indicted Mr. Jennings on five counts of knowingly and intentionally distributing crack cocaine over a twelve-day period from January 9 to January 20, 1995. Because Mr. Jennings absconded from pretrial supervision, authorities issued a warrant for his arrest on October 10, 1997. Days later, Mr. Jennings failed to appear at a plea hearing scheduled for October 17, 1997. Mr. Jennings remained a fugitive for over a year before his arrest in Blue Springs, Missouri on November 25, 1998.

As part of a plea agreement, Mr. Jennings pled guilty to one count of distributing crack cocaine in exchange for dismissal of the remaining counts.[1] A federal probation officer then prepared a presentence investigation report recommending an upward adjustment of two levels for obstruction of justice under United States Sentencing Guideline § 3C1.1 because of Mr. Jennings' "willful failure to appear for a judicial proceeding." In addition, in calculating

---

[1] Mr. Jennings pled guilty to the first of five cocaine sales in which he distributed 3.99 cocaine grams, in exchange for dismissal of the remaining charges, which consisted of much higher volumes of cocaine sales – *i.e.*, 9.98, 11.47, 9.27, and 18.57 cocaine grams sold.

Mr. Jennings' criminal history category, the probation officer included two prior 1992 arrests. Mr. Jennings filed an objection to the presentence report, contesting the probation officer's inclusion of these two arrests as separate arrests and claiming they constituted related offenses. Later, in his "Sentencing Memorandum," Mr. Jennings also filed an objection to the "obstruction of justice" enhancement. While he did not contest the underlying facts warranting the obstruction of justice enhancement, Mr. Jennings asked the judge to act equitably and not impose the enhancement on grounds the law enforcement officials did not immediately arrest him after the first cocaine sale, but allowed him to continue to make four more sales prior to his arrest, thereby elevating his conduct to a ten-year mandatory minimum sentence.

At the sentencing hearing, Mr. Jennings renewed his argument against the obstruction of justice enhancement, relying on his equity argument. The district court judge ascertained Mr. Jennings' argument was purely equitable and not legal, and, after examining the nature of the enhancement, upheld it as proper. In so doing, the judge stated "when you were let out, you disappeared for over a year until you were ... found and brought back and that brings quite a few problems ... to the court." The judge also found the criminal history calculation using the prior 1992 sentences correct because those sentences constituted unrelated

offenses separated by an intervening arrest. The district court then sentenced Mr. Jennings to the minimum guideline provision of 151 months incarceration.

On appeal, Mr. Jennings contends the district court erred in applying the obstruction of justice enhancement. However, rather than asserting the same equity argument, Mr. Jennings now argues the enhancement is improper because no evidence supported the enhancement[2] and the district court failed to make a specific finding of "willfulness" required under United States Sentencing Guideline § 3C1.1.[3]

We review a district court's factual determination on the obstruction of justice enhancement for clear error and its legal interpretation of the sentencing guidelines *de novo*. *See United States v. Hankins*, 127 F.3d 932, 934 (10th Cir.

---

[2] While Mr. Jennings contests the presentence report's finding he willfully obstructed justice for failing to appear and fleeing to another state, we note he does not contend his actions were involuntary or for any reason other than to avoid prosecution.

[3] In his brief, Mr. Jennings relies on cases that do not contemplate the situation where, as here, the defendant failed to appear for criminal proceedings. *Compare United States v. Hernandez*, 967 F.2d 456, 459 (10th Cir. 1992) (finding defendant asked another to lie as to his culpability, thereby impeding administration of justice), *and United States v. Gardiner*, 931 F.2d 33, 35 (10th Cir. 1991) (finding defendant withheld his identity, thereby interfering with the administration of justice), *with United States v. St. Julian II*, 922 F.2d 563, 571 (10th Cir. 1990) (holding failure to appear at sentencing hearing interferes with the disposition of criminal charges and impedes or obstructs administration of justice).

1997).  In so doing, "[w]e give due deference to the district court's application of the Guidelines to the facts."  *Id.* (quotation marks and citation omitted).  While the burden of proof is on the government, the burden of alleging factual inaccuracies of the presentence report is on Mr. Jennings.  *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994) (relying on Fed.R.Crim.P. 32(c)(3)(D)), *cert. denied*, 513 U.S. 1158 (1995).  "Failure to object to a fact in the presentence report, or failure to object at the hearing, acts as an admission of fact."  *Id.*  Such "factual disputes do not rise to the level of plain error."  *Id.* (quotation marks and citation omitted).

In this case, Mr. Jennings did not object to the statement in the presentence report that he willfully failed to appear for his plea hearing.  Rather, he contested the obstruction of justice enhancement solely on equitable grounds.  Mr. Jennings now contests the presentence report's finding he "willfully" failed to appear for his hearing.  Because this involves a factual issue, we will review it  only if Mr. Jennings made the proper objection.  He did not.  Thus, we determine this issue is not properly preserved for appeal.  *See Deninno*, 29 F.3d at 580.  Accordingly, we decline to consider it.

For these reasons, we **AFFIRM** Mr. Jennings' conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge