999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George TANNEHILL, Defendant-Appellant.
 No. 93-2036.
 United States Court of Appeals, Tenth Circuit.
 June 29, 1993.
 
 Before TACHA, MCWILLIAMS and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This pro se appeal is from an order of the district court denying Mr. Tannehill's motion pursuant to 28 U.S.C. § 2255. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Pursuant to an agreement with the government, Tannehill pleaded guilty to a one-count information charging him with a violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 for conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. At the August 8, 1988 plea hearing, the following exchange took place:
 
 
 4
 THE COURT: Do you further understand, Mr. Tannehill, that I have declared the present sentencing guidelines to be unconstitutional, so you would be sentenced under the system that was in effect prior to November, 1986. And under that system, if you were to enter a plea of guilty and I were to accept it, that I could sentence you to a term of imprisonment of up to twenty years, impose a fine of up to one million dollars, and that you would be subjected to a supervisory release period of three years following release from confinement.
 
 
 5
 Do you understand?
 
 
 6
 MR. TANNEHILL: Yes sir.
 
 
 7
 The court accepted Tannehill's plea of guilty and convicted him of the charged offense.
 
 
 8
 At the October 19, 1988 sentencing hearing, the court sentenced Tannehill to alternative sentences. Under the laws as they existed on October 31, 1987, the court sentenced Tannehill to twelve years imprisonment. In the event that the Sentencing Reform Act of 1984 was found to be constitutional, the court sentenced Tannehill to the alternative United States Sentencing Guidelines sentence of 235 months imprisonment plus five years of supervised release. Tannehill did not object and did not take a direct appeal.
 
 
 9
 After the Supreme Court upheld the constitutionality of the Sentencing Reform Act, the Bureau of Prisons converted Tannehill's sentence to the alternative sentence imposed by the district court. Tannehill then brought this § 2255 motion, which the district court denied on January 7, 1993.
 
 
 10
 On appeal, Mr. Tannehill reasserts his two main grounds for relief: (1) the district court did not fully comply with Fed.R.Crim.P. 11 when it failed to inform him of the possibility of an alternative Guidelines sentence; (2) the court denied him due process when it sentenced him to a term greater than the maximum term of which he was informed. Tannehill's first argument is without merit. In United States v. Gomez-Cuevas, 917 F.2d 1521 (10th Cir.1990), we held that, prior to December 1991, Rule 11 required the court to inform the defendant only of the maximum and minimum statutory sentences. Id. at 1526-28 & n. 4. Therefore, the court was not required to inform Tannehill that his sentence could or would be determined by the Guidelines.
 
 
 11
 Although Mr. Tannehill's second argument does state a cognizable constitutional ground for relief, see United States v. Pogue, 865 F.2d 226, 228 (10th Cir.1989), we affirm on the ground that Mr. Tannehill has failed to allege cause for his failure to raise his challenge on direct appeal. We have found no case holding that a defendant may not challenge the imposition of an alternative Guidelines sentence on direct appeal. In the absence of a showing of cause, § 2255 cannot be used to test the legality of matters which should have been raised on direct appeal. United States v. Kahn, 835 F.2d 749, 753-54 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). We therefore AFFIRM the denial of Mr. Tannehill's § 2255 motion. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3