**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 1997**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

v.

GEORGE TANNEHILL,

　　　Defendant - Appellant.

No. 97-2186

(D. New Mexico)

(D.C. No. CR 88-31-05)

---

### ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

　　　[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

George E. Tannehill III, a federal inmate appearing pro se, appeals the district court's denial of his motion pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

In August 1988, Mr. Tannehill pled guilty to a conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. In October 1988, based on an offense level of 36 and a criminal history category of III, he was sentenced to 144 months' imprisonment or, in the alternative, to 235 months' imprisonment followed by five years' supervised release.[1] After filing two unsuccessful § 2255 motions, Mr. Tannehill filed a motion to reduce his sentence pursuant to § 3582(c)(2). This motion was denied by the district court in May 1997, and Mr. Tannehill filed a timely notice of appeal.[2]

---

[1]The district court imposed alternative sentences because it had declared the Sentencing Reform Act of 1984 unconstitutional. Accordingly, it imposed a pre-guidelines sentence and a guidelines sentence, in the event that the guidelines were found to be constitutional. United States v. Tannehill, No. 93-2036, 1993 WL 261941 (10th Cir. June 29, 1993). Mr. Tannehill neither objected to nor took a direct appeal from those alternative sentences. "After the Supreme Court upheld the constitutionality of the Sentencing Reform Act, the Bureau of Prisons converted [Mr.] Tannehill's sentence to the alternative sentence imposed by the district court." Id. at *1.

[2]Although there is some dispute among the parties as to whether this notice of appeal was timely, we note that under Fed. R. App. P. 4(c), an inmate's notice of appeal is deemed filed when deposited in the prison's internal mail system. In this case, the judgment was filed on May 19, 1997, and the certificate of service indicates the notice of appeal was mailed on May 27, 1997. This is within the ten day limit for criminal matters under Fed. R. App. P. 4(b). Although the government asserts that Mr. Tannehill's certificate of service does not meet the technical requirements of Rule 4(c), we decline to dismiss the appeal on that ground. See Denver & Rio Grande W. R.R. v. Union Pac. R.R.

(continued...)

On appeal, Mr. Tannehill asserts that Amendment 484 to U.S.S.G. § 2D1.1 lowered the sentencing range for his offense and thus justifies relief under § 3582(c)(2).[3] Under § 3582(c)(2), if, after a defendant is sentenced, the Sentencing Commission lowers the applicable sentencing range, the defendant may move for a reduction of sentence in accordance with the factors outlined in § 3553(a).[4]

Mr. Tannehill is correct that Amendment 484 was enacted subsequent to his sentencing and can be applied retroactively. See U.S.S.G. § 1B1.10(a), (d), p.s. (Nov. 1, 1993). Amendment 484 provides: "Mixture or substance does not include materials that must be separated from the controlled substance before the

---

[2](...continued)
Co., 119 F.3d 847, 848-49 (10th Cir. 1997) (stating that our policy favors deciding cases on the merits rather than dismissing them based on minor technical defects).

[3]We note that in his original motion, Mr. Tannehill also raised the argument that Amendment 505 similarly justifies relief under § 3582(c)(2). The district court denied relief on this ground. However, this issue is not mentioned in Mr. Tannehill's appellate brief; therefore it is deemed waived. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

[4]The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a). The district court is not required to make specific findings regarding each of the above factors "as long as it states the reasons for its actions." United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir.), cert. denied, 117 S. Ct. 446 (1996).

controlled substance can be used." U.S.S.G. App. C, amend. 484. Mr. Tannehill

asserts that the 428 jars of methamphetamine oil seized from him were weighed

wet, thus amounting to 600 pounds of methamphetamine rather than the 38

pounds which would have been calculated had the mixture been weighed dry.

Appellant's Br. at 2. Because the oil in the mixture must be removed before the

methamphetamine can be used, Amendment 484, if applied, could lower Mr.

Tannehill's guideline sentencing range.

However, even if the amendment does potentially lower Mr. Tannehill's

guideline range,

> [t]he retroactive application of a change in the offense level of the
> Sentencing Guidelines is not required by § 1B1.10(a), but rather falls
> within the district court's discretion. . . . Under the abuse of
> discretion standard we will not reverse a district court's decision
> unless we have "a definite and firm conviction that the lower court
> made a clear error of judgment or exceeded the bounds of
> permissible choice in the circumstances."

Dorrough, 84 F.3d at 1311 (quoting Moothart v. Bell, 21 F.3d 1499, 1504 (10th

Cir. 1994)). Here, the district court declined to reduce Mr. Tannehill's sentence,

stating that "nothing in the record indicates that [his] sentence was based

exclusively on the amount of controlled substance recovered." R. Vol. I at tab 6,

Mem. Op. and Order at 2. The court noted that although "[n]either of the parties,

nor the record, provides the calculation by which Defendant's sentence was

determined," the sentence could have been correctly calculated on the basis of

two other factors: (1) the aggregate amount of narcotics based on the conspiracy; and (2) the approximated amount of narcotics based on the estimated capability of the laboratory. Id. at 1, 3. The district court concluded that because the sentence could remain undisturbed on either of these grounds, Mr. Tannehill's arguments are unavailing. We agree. See United States v. Youngpeter, 986 F.2d 349, 354 (10th Cir. 1993) (calculating sentence with reference to the entire quantity of drugs manufactured by the conspiracy); United States v. Sturmoski, 971 F.2d 452, 456, 462 (10th Cir. 1992) (estimating drug quantity based on the capability of the laboratory and the amount of precursor chemicals seized).[5] We find no abuse of discretion in the district court's refusal to reduce Mr. Tannehill's sentence.

---

[5]In his reply brief, Mr. Tannehill also argues that when the Bureau of Prisons converted his sentence to the guidelines sentence, his attorney failed to object to the presentence report and the court improperly denied him his right to allocution. He also makes more specifically the argument that he was never in fact given a reduction for his acceptance of responsibility. Appellant's Reply Br. at 5-6. Because these issues were not raised in Mr. Tannehill's original brief, they are effectively waived and we decline to address them. See Coleman v. B-G Maintenance Management of Colo., Inc., 108 F.3d 1199, 1205 (10th Cir. 1997) (stating that appellate court can decline to address issues first raised in the reply brief); Mhoon, 31 F.3d at 984 n.7 (stating that failure to raise an issue in the opening brief causes it to be waived).

Accordingly, the district court's denial of Mr. Tannehill's § 3582(c)(2)

motion is AFFIRMED.[6]

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[6]There appears to have been some clerical error in the district court pursuant to which this case was inadvertently docketed as a civil matter. We direct the court to correct both its civil and criminal dockets to reflect that Mr. Tannehill filed a criminal motion under 18 U.S.C. § 3582(c)(2) and not a civil motion under 28 U.S.C. § 2255.