**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BILL DAYMOND BAILEY,

      Defendant-Appellant.

No. 97-6357
(D.C. No. 97-CR-54-T)
(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

Bill Daymond Bailey ("Bailey") pleaded guilty to possessing counterfeit Federal Reserve notes, in violation of 18 U.S.C. § 474, and possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (R. I #110 at 1.) He was sentenced to 240 months' imprisonment. (Id.) He appeals his sentence,

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

contending that the district court erroneously denied him a three-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1.

Acceptance of responsibility is a factual question which we review for clear error. See United States v. Hawley, 93 F.3d 682, 689 (10th Cir. 1996). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1 cmt. n.5. It is the defendant's burden to prove he has accepted responsibility. See United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir. 1990).

The district court's determination that Bailey had not accepted responsibility is not clearly erroneous. The commentary to U.S.S.G. § 3E1.1 makes it clear that conduct constituting an obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1 cmt. n.4. The district court found that Bailey had obstructed justice in a number of ways, but because of Bailey's career offender status it did not assess an enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Specifically, the court found that Bailey had suborned perjury during a preliminary hearing, attempted to persuade a co-defendant to take responsibility for Bailey's crimes, solicited the co-defendant to threaten or harm a government witness, and produced a false affidavit in which the co-defendant "confessed" to

kidnapping the witness and destroying evidence. (R. I #122 at 3-4; R. IV at 100-01.) These activities are valid examples of obstruction of justice. See U.S.S.G. § 3C1.1 cmt. n.3 (listing examples of obstructive conduct); United States v. Fetherolf, 21 F.3d 998, 1000 (10th Cir. 1994); United States v. Hernandez, 967 F.2d 456, 459 (10th Cir. 1992).

Bailey argues that despite the general rule, the Guidelines leave open the possibility of an "extraordinary case" where a defendant who has obstructed justice may also receive a reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1 cmt. n.4. We do not believe the district court erred in concluding that this is not such an "extraordinary case."

Bailey contends that all of the conduct that the district court identified as obstructing justice occurred before he entered his guilty plea, and that when he entered his plea he had ceased his obstructive conduct and accepted responsibility for his crimes. See United States v. Hopper, 27 F.3d 378, 383 (9th Cir. 1994) (acceptance of responsibility not inconsistent with obstruction of justice "when a defendant, although initially attempting to conceal the crime, eventually accepts responsibility for the crime and abandons all attempts to obstruct justice"). However, the fact that Bailey had ceased his obstructive conduct by the time he pleaded guilty does not necessarily make this the "extraordinary case" deserving of the reduction. See Hawley, 93 F.3d at 689-90 (denying reduction where

defendant fled jurisdiction before being returned involuntarily and pleading guilty); United States v. Tovar, 27 F.3d 497, 499 (10th Cir. 1994) (denying reduction where defendant misrepresented his age in motion to dismiss indictment but later pleaded guilty); Hernandez, 967 F.2d at 459 (denying reduction where defendant attempted to influence testimony of witness and pleaded guilty); see also United States v. Woods, No. 95-6259 (10th Cir. June 11, 1996) (unpublished Order & Judgment) (denying reduction where defendant threatened witnesses two years before indictment and where district court determined that defendant "accepted responsibility" only when his other options failed).

The district court did not clearly err in determining Bailey did not accept responsibility. Consequently, we AFFIRM Bailey's sentence.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge