**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BILL DAYMOND BAILEY,

      Defendant-Appellant.

No. 99-6250

W. Dist. Okla.

(D.C. Nos. 98-CV-1683-T;
CR-97-54-T)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

**I.      Background**

Bill Daymond Bailey pleaded guilty to possessing counterfeit Federal

Reserve notes, in violation of 18 U.S.C. § 474, and possessing cocaine with intent

to distribute, in violation of 21 U.S.C. § 841(a)(1).  See Rec. vol. II, doc. 122, at

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

1 (Dist. Ct. Order filed Oct. 20, 1997).  The district court sentenced Mr. Bailey, as a "career offender" pursuant to USSG §4B1.1, to 240 months' imprisonment.  See id. at 5.  On appeal, we affirmed.  See United States v. Bailey, No. 97-6357, 1998 WL 339660 (10th Cir. June 23, 1998).

Mr. Bailey filed a motion for post-conviction relief on December 10, 1998, in accordance with 28 U.S.C. § 2255.  See Rec. vol. II, doc. 137 (Motion to Vacate, Set Aside, or Correct Sentence).  Mr. Bailey claimed that the district court improperly considered his Minnesota state burglary conviction a predicate offense for application of the career offender status sentencing guidelines.  See id. at 6.  He also claimed his counsel was ineffective in failing to pursue the issue.  See id. at 8.  The district court denied his motion on the merits on March 23, 1999.  See id., doc. 144.  Based on the government's submission of documentation establishing that the conviction was for burglary of a dwelling, the district court determined career offender sentencing was warranted.  See id.

The order denying Mr. Bailey's § 2255 motion was entered on the docket on April 1, 1999.  See Rec. vol. II, doc. 146, at 24 (Dist. Ct. Docket Sheet).  The notice of appeal was docketed as filed on June 16, 1999.  See id.  However, Mr. Bailey's notice of appeal is dated May 27, 1999, and the certificate of service indicates that it was mailed on that date.  See id.  The district court did not act on

the issue of a certificate of appealability, so for our purposes, the certificate of appealability is deemed denied.

Mr. Bailey now applies for a certificate of appealability and appeals the denial of his § 2255 motion.  He claims he received ineffective assistance of counsel, particularly in regard to the use of his Minnesota state burglary conviction as a predicate offense for the career offender sentence enhancement.  The government argues Mr. Bailey's appeal is untimely and, therefore, must be dismissed for lack of jurisdiction.  Because jurisdiction is a threshold matter, we address it first.

## II.    Discussion

### A.    Jurisdiction

Notices of appeal in civil cases involving the United States must be filed within sixty days from the entry of judgment or order.  See Fed. R. App. P. 4(a)(1)(B).  The judgment or order is entered for purposes of Fed. R. App. P. 4(a)(1)(B) when it is entered on the civil docket in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure.  See Fed. R. App. P. 4(a)(7); Jenkins v. Burtzloff, 69 F.3d 460, 461-62 (10th Cir. 1995).

In the present case, the order being appealed was entered on the docket on April 1, 1999.  Sixty days from April 1, 1999 is May 31, 1999, a legal holiday.

Accordingly, the notice of appeal was due on June 1, 1999. <u>See</u> Fed. R. App. P. 26(a) (including last day of period of time for computing deadline unless it is a Saturday, Sunday, or legal holiday). The envelope in which the notice was filed indicates that it was mailed on June 15, 1999. However, this is not conclusive. <u>See</u> <u>United States v. Gray</u>, 182 F.3d 762, 766 (10th Cir. 1999) (discussing the same information on an envelope from the same institution and concluding "it does not necessarily indicate the date on which legal mail is presented to prison authorities, which is the pertinent information with respect to the mailbox rule, because the only date recorded [on the envelope] is the date of mailing").

"If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1); <u>see also</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988) (holding that under Fed. R. App. P 4(a)(1), pro se prisoners' notices of appeal are "filed" at the moment of delivery to prison authorities for delivery to the district court). Mr. Bailey's notice of appeal is dated May 27, 1999, and the certificate of service indicates that it was mailed on that date. Although the government correctly notes that the certificate of service does not meet the technical requirements of Rule 4(c),[1] this

---

[1] "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date
(continued...)

deficiency is not fatal.  See United States v. Tannehill, No. 97-2186, 1997 WL 741163 at *1 n.2 (10th Cir. Nov. 28, 1997); see also Denver & Rio Grande W.R.R. Co. v. Union Pac. R.R. Co., 119 F.3d 847, 848-49 (10th Cir. 1997) ("[C]ase law interpreting [procedural] rules is founded upon a policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects.").  We apply the inmate mailbox rule and hold that the notice of appeal was timely filed.  Thus, we exercise jurisdiction.

## B.    Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken . . . from . . . the final order in a proceeding under section 2255."  28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability shall not be issued, unless "the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  Mr. Bailey claims that he was deprived of

---

[1](...continued)
of deposit and state that first-class postage has been prepaid."  Fed. R. App. P. 4(c)(1).  Mr. Bailey's certificate of service states:  "I hereby certify that a true and correct copy of this foregoing instrument has been mailed postage prepaid on this 27th day of May, 1999, to the United States Attorney's Office, 210 West Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102."  Rec. vol. II, doc. 145, at 2.  Although signed and dated, it fails to meet the technical requirements of 28 U.S.C. § 1746, because it excludes the phrase "under penalty of perjury."  While it is preferred that inmates follow the language of the statute, failure to include the phrase "under penalty of perjury" does not protect the prisoner from prosecution for perjury in the event of a falsehood.

due process as a result of ineffectiveness of counsel. For the reasons stated below, we hold that Mr. Bailey has failed to meet his burden.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to evaluate ineffective assistance of counsel claims. In order to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate: "(1) that his counsel's performance fell below an objective standard of reasonableness and (2) that the deficient performance was prejudicial to his defense." Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir.1998) (citing Strickland, 466 U.S. at 694).

Mr. Bailey alleges that he received ineffective assistance of counsel in two ways. First, he claims his counsel failed to object or offer counter-evidence to the use of one of his three Minnesota state burglary convictions as a predicate offense for the career offender guidelines. Second, Mr. Bailey claims that his counsel improperly advised him to plead guilty, failing to consider or advise him regarding his career offender status.

Like the district court, we find that the government properly demonstrated the applicability of the career offender provisions. See USSG §4B1.1. The government demonstrated that in 1985, Mr. Bailey pled guilty to and was convicted of two counts of burglary in the first degree in violation of Minn. Stat. § 609.582(1)(c), see Rec. vol. I, doc. 108, Exs. 5, 6, and one count of burglary in

the first degree in violation of Minn. Stat. § 609.582(1)(b), see Rec. vol. I, doc. 108, Ex. 4. At the time of Mr. Bailey's conviction, the Minnesota statute defined first degree burglary consistently with the generic definition established in Taylor v. United States, 495 U.S. 575 (1990). See Minn. Stat. §§ 609.582(1)(c) & (b (1984 & Supp. 1985). Thus, the district court properly considered these "crimes of violence" under USSG §4B1.2(a)(2).

As the district court noted, because "the government met its burden of establishing the predicate offenses, defense counsel cannot be faulted for failing to challenge the defendant's classification as a career offender." Rec. vol. II, doc 144, at 2 n.4. Consequently, we deny the application for a certificate of appealability as to this issue.

Mr. Bailey next claims that had his counsel informed him that the career offender guidelines applied to him, he never would have pled guilty before the district court. He alleges this advice resulted in ineffective assistance of counsel.

Even assuming the performance fell below an objective standard of reasonableness, when Mr. Bailey's counsel advised him to plead guilty to two of the thirteen counts with which he was charged, Mr. Bailey offers no showing of prejudice. We construe Mr. Bailey's pro se petition liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), yet we find no claim that the advice "deprive[d] the defendant of any

substantive or procedural right to which the law entitles him." <u>Lockart v. Fretwell</u>, 506 U.S. 364, 372 (1993). He fails to show that had he not pled guilty, he would have received a significantly shorter sentence than the one imposed by the district court or would have been acquitted. Because he offers no evidence in support of the second prong of the <u>Strickland</u> test, we deny the application for a certificate of appealability as to this issue, as well.

## III.   Conclusion

Because Mr. Bailey fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY the application for a certificate of appealability. Accordingly, we DISMISS his appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge