**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Cless GARDINER, also known as Charles D. Worrall, Mark Diamond, Vance Jason, Theodore Jette and Mark Chandler, Defendant–Appellant.**

**No. 90–3240.**

United States Court of Appeals,
Tenth Circuit.

April 16, 1991.

**34**

Steven K. Gradert, Asst. Federal Public Defender, Wichita, Kan., for defendant-appellant.

Lee Thompson, U.S. Atty., and David M. Lind, Asst. U.S. Atty., Wichita, Kan., for plaintiff-appellee.

Before SEYMOUR, ANDERSON, and TACHA, Circuit Judges.

SEYMOUR, Circuit Judge.

John Cless Gardiner appeals the sentence imposed on him following his guilty plea. Gardiner contends the district court erred by enhancing his offense level by two for obstruction of justice pursuant to United States Sentencing Comm'n Guidelines Manual § 3C1.1 (1989) (hereinafter Guidelines).

Gardiner argues on appeal that his offense level was enhanced erroneously because the use of an alias does not merit an obstruction of justice enhancement, and because he did not act with an intent to obstruct justice.[1] We affirm.

■ This court reviews *de novo* questions involving legal interpretation of the Sentencing Guidelines. *United States v. Davis*, 912 F.2d 1210, 1211 (10th Cir.1990). Findings of fact underlying the application of the Guidelines are reviewed subject to a clearly erroneous standard. *United States v. Williams*, 897 F.2d 1034, 1041 (10th Cir. 1990).

■ An enhancement of two additional offense levels for obstruction of justice is charged against a defendant who "engages in conduct calculated to mislead or deceive authorities ... or otherwise to willfully interfere with the disposition of criminal charges." Guidelines § 3C1.1 (commentary). In this case, the district court found that because Gardiner had withheld his true identity from law enforcement officers at the time of his arrest and from the United States Magistrate at three separate court appearances, he had perpetrated a "fraud" and obstructed justice. *See* rec., vol. I, doc. 3; vol. III, at ¶ 3 (appearances as "Charles Worral[l]" before U.S. Magistrate); and vol. II, at 27 (findings of sentencing judge).

In arguing that the use of an alias alone does not merit an enhancement under § 3C1.1, Gardiner relies on the November 1, 1990 Application Note 4(a) to § 3C1.1[2] which states that an obstruction of justice enhancement pursuant to § 3C1.1 is not warranted by "providing a false name or identification document at arrest, except where such conduct actually resulted in a significant hindrance to the investigation or

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

**2.** Gardiner was sentenced on July 5, 1990. Rec., vol. I, doc. 29, at 1. The United States Sentencing Commission added additional Commentary and Application Notes to § 3C1.1 effective November 1990. The additions were made in order to clarify the operation of existing Guidelines rather than to change them. *See* Guidelines, App. C, note 347.

prosecution of the instant offense."[3] Application Note 4(a), however, does not control the outcome of Gardiner's case because he failed to disclose his true identity to a United States Magistrate in three separate appearances, as well as at the time of his arrest. By withholding his identity from the United States Magistrate, Gardiner came within § 3C1.1 as clarified by the 1990 Application Note 3(f), which states that "providing materially false information to a judge or magistrate" merits an obstruction of justice enhancement. The district court thus correctly interpreted Guidelines § 3C1.1 as permitting an obstruction of justice enhancement under the circumstances of this case based solely on Gardiner's use of an alias. *See, e.g., United States v. Patterson*, 890 F.2d 69, 72 (8th Cir.1989) (defendant's refusal to reveal his true identity to the pretrial services officer and magistrate warranted obstruction of justice enhancement).

■■■ Gardiner also argues that the facts surrounding his arrest and prosecution do not demonstrate he acted with an intent to obstruct justice, and that the sentencing judge made no clear-cut finding of intent to warrant an obstruction of justice enhancement. Such an enhancement applies only if the defendant "willfully" obstructed justice. Guidelines, § 3C1.1. Section 3C1.1 has been interpreted as contemplating that a defendant subject to an obstruction of justice enhancement must have acted with a specific *mens rea. See United States v. Stroud*, 893 F.2d 504, 507 (2d Cir.1990); *United States v. Teta*, 918 F.2d 1329, 1333 (7th Cir.1990); *see also United States v. Wilson*, 904 F.2d 234, 235 (5th Cir.1990). In other words, a defendant must have consciously acted with the purpose of obstructing justice. *Stroud*, 893 F.2d at 507; *Teta*, 918 F.2d at 1333.

On appeal, Gardiner argues that he did not possess an intent to obstruct justice because: (1) at the time of his arrest he was intoxicated; (2) even though he verbally gave an alias when he was arrested, he

gave his driver's license bearing his true identity to the F.B.I.; and (3) at the times he continued to give an alias before the magistrate, he did so on the advice of counsel.

None of these facts preclude a finding of intent in this case. Although Gardiner may have been intoxicated at the time of his arrest, he does not argue he was intoxicated each time he appeared before the magistrate. Although he gave his driver's license to the F.B.I., he permitted law enforcement officers as well as the court to prosecute him as "Charles Worral[l]." Finally, with respect to Gardiner's assertion that he acted on advice of counsel so as not to incriminate himself, rec., vol. II, at 12, the district court made the express finding that Gardiner would have used an alias regardless of his attorney's advice, *id.* at 16. The record reveals that Gardiner used an alias over a period of several years, rec., vol. III, at ¶ 30, including at a time when other criminal proceedings were pending against him, and that Gardiner did not abandon his alias in the instant case until his true name was determined by the F.B.I. from his fingerprints, *id.* at ¶ 9. These facts support the finding that Gardiner intended to obstruct justice.

Contrary to Gardiner's assertion, the district court made the necessary finding of intent to charge Gardiner with an obstruction of justice enhancement. At one point during the sentencing hearing the district court said it was willing to enhance Gardiner's sentence regardless of intent but, in the very next sentence, the court declared: "I think the probation office's analysis of that [the obstruction of justice enhancement] is a hundred percent correct." Rec., vol. II, at 27–28. The court was referring to the probation office's presentence report which explicitly stated: "It is the probation office's opinion Mr. Gardiner gave the alias Charles Worrall as his name to officials in an effort to obstruct justice *knowing that his prior criminal history record would not be learned as easily as it would have*

---

**3.** Similarly, note 4(b) provides that making unsworn, false statements to law enforcement officers does not warrant an obstruction of justice

enhancement unless such a statement significantly obstructed or impeded the official investigation or prosecution of the offense.

*been* had he provided his true name." Rec., vol. III, at ¶ 73 (emphasis added). The district court thus found that Gardiner had acted with the requisite intent to obstruct justice, and we are not persuaded that this finding is clearly erroneous.

In consideration of the foregoing, we AFFIRM the district court's application of the obstruction of justice enhancement and sentence of the defendant.