961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ron JACKS, a/k/a Ron Jackson, a/k/a Ron Johnson, Defendant-Appellant.
 No. 91-8046.
 United States Court of Appeals, Tenth Circuit.
 April 7, 1992.
 
 Before JOHN P. MOORE and EBEL, Circuit Judges, and COOK, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Ron Jacks raises two issues on appeal. He first contends the sentencing guideline applied in marijuana offenses involving more than fifty plants which deems the weight of a marijuana plant to be a kilogram for the purpose of mandatory sentencing violates due process. That issue has already been resolved contrary to his position. United States v. Lee, --- F.2d ----, 1992 WL 30105 (10th Cir.1992). On this issue, then, we must conclude Mr. Jacks' appeal is without merit.
 
 
 2
 Mr. Jacks next contends the trial court violated his right to due process by applying a two-level enhancement to his sentence for impeding justice. U.S.S.G. § 3C1.1. Defendant's argument is less than clear, but he asserts that this sentence held him "accountable for conduct on the part of one of his three co-defendants."
 
 
 3
 The government argues that Mr. Jacks did not present this argument to the district court. We have examined the record at the places cited by the prosecution and find it equivocal. It is difficult to follow exactly what counsel contends, but it appears the argument advanced on appeal is contained within the statements made by counsel to the district court.
 
 
 4
 Mr. Jacks was indicted with three other persons for operating a marijuana growing operation out of several Wyoming houses. He was given the two point enhancement because while in jail, subsequent to his arrest, he conspired with one other defendant to remove incriminating evidence from a house not discovered by law enforcement officers in their initial investigation.[1] It now appears Mr. Jacks believes he is being punished for the acts of the other defendant in which he did not directly participate. In response to that contention, the trial court ruled:
 
 
 5
 With respect to the objection on the ground of obstruction of justice, I think that Mr. Jacks is charged with the relevant conduct of Miss Roberts in the attempt to destroy the evidence at the Meadowlark house, even though it was after the fact, and I think that it was relevant conduct ... which ... the Sentencing Guidelines makes ... applicable to Mr. Jacks.
 
 
 6
 The evidence linking Mr. Jacks to the effort to destroy evidence was contained in a letter Mr. Jacks wrote to Ms. Roberts and another codefendant which was intercepted by jail officers. In that letter, Mr. Jacks stated his perplexity over the conduct of the fourth defendant, Mr. Shokes, who took officers to the Meadowlark house. Mr. Jacks asserted he could not understand why Mr. Shokes behaved as he did "[e]specially when he knew we were trying to clean it up."
 
 
 7
 We review an upward enhancement for obstruction of justice under a clearly erroneous standard. United States v. Hershberger, --- F.2d ----, 1992 WL 21805 (10th Cir.1992). Because § 3C1.1 predicates enhancement upon a willful conduct, to impose an enhancement for obstruction the sentencing court must find the defendant acted consciously with the purpose of obstructing justice. United States v. Gardiner, 931 F.2d 33, 35 (10th Cir.1991).
 
 
 8
 We believe the statement contained in Mr. Jacks' letter that "we were trying to clean it up" coupled with Ms. Roberts' admission are a sufficient factual predicate for the trial court's finding that Mr. Jacks acted consciously with the purpose of obstructing justice. The finding, thus, was not clearly erroneous. Moreover, that Mr. Jacks did not himself commit the acts of obstruction is not of significance. U.S.S.G. § 1B1.3(a)(1).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable H. Dale Cook, United States Senior District Court Judge for the Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The codefendant, Belinda Roberts, admitted to a probation officer that she had "panicked and arranged for someone to go in and cut down the marijuana plants at the Meadowlark address." United States v. Roberts, 91-8044, Presentence Report, R. V, page 8