1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Manuel ENRIQUEZ, also known as Jesus Baraza-Baraza,
Defendant-Appellant.
 No. 92-2203.
 United States Court of Appeals, Tenth Circuit.
 July 19, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 Following entry of a plea to the offense of possessing less than fifty kilograms of marijuana with intent to distribute, Mr. Enriquez was sentenced to thirty-seven months in custody. To arrive at that sentence, the district court included a two point upward adjustment of the offense level for obstruction of justice. The only issue presented by this appeal is whether Mr. Enriquez obstructed justice within the meaning of U.S.S.G. Sec. 3C1.1 by using an alias in his initial court appearances. We hold that he did and affirm the sentence.
 The record in this case is sparse. The only pertinent documents before us are the indictment and a "Notice of True Name and Request for Amendment of Caption" filed by the defendant. The latter document, filed almost three months after return of the indictment and apparently subsequent to at least two court appearances, acknowledges defendant was "currently listed in this cause under the name of Jesus Baraza-Baraza," but his "true given name" is "Hector Manuel Enriquez." At the time of sentencing, defendant's counsel stated:
 [I]t's undisputed that Mr. Enriquez initially used the name Barraza. He apologizes to the Court for that. I simply note that at the very first time that he was confronted with a fingerprint check, he immediately authorized me to file a notice of true name and request for amendment of caption in the case so that there would not be any additional effort or there would be no waste of resources in trying to verify this. He immediately acknowledged it.
 And although--although I acknowledge it, my client understands that the giving of a false name certainly can be grounds for an obstruction adjustment, we would urge that it not be applied here, simply because the defendant did come forward and filed the notice of his true name before there had to be anything--any additional efforts to prove that identity, Your Honor.
 Notwithstanding this statement, but without explanation, the district court found the defendant had obstructed justice and imposed the two point adjustment required by Sec. 3C1.1. That section provides:
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.
 
 
 1
 On appeal, Mr. Enriquez admits he gave a false name when arrested and used that name at his initial arraignment.[1] Nonetheless, we believe this matter is governed by United States v. Gardiner, 931 F.2d 33, 34 (10th Cir.1991).
 
 
 2
 In that case, we held that a defendant's use of an alias in court appearances was sufficient to justify a two point adjustment under Sec. 3C1.1. Save defendant's late date recantation when his subterfuge was exposed by his fingerprints, we see no distinction between this case and Gardiner.
 
 
 3
 While the district court could have taken the recantation into account in imposing a sentence within the guideline range, it did not do so. That exercise of discretion is not a matter for us to review. The mandate shall issue forthwith.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The government asserts he also used a false name at his original appearance before a magistrate judge and when he signed the affidavit required to obtain the services of appointed counsel, but there is nothing in the record to support that assertion