13 F.3d 408
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David G. VAN THOURNOUT, a/k/a David L. Dorman, a/k/a Jerry
Wales, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald M. DOBBS, Defendant-Appellant.
 Nos. 93-8014, 92-8078.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1993.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT and GOODWIN[2], Circuit Judges.
 
 
 1
 David G. Van Thournout and Donald M. Dobbs ("Appellants") pled guilty to one count each of manufacturing marijuana. They appeal the district court's denial of their motion to suppress evidence. Van Thournout also appeals the district court's grant of a two-level upward departure in his sentence under the Sentencing Guidelines on grounds he obstructed justice by using a false identity throughout these proceedings. We affirm.
 
 
 2
 On November 7, 1991, Deputy Mark Hollenbach of the Laramie County, Wyoming, Sheriff's Office was dispatched to an apartment in Cheyenne, Wyoming. The landlord, believing the apartment abandoned, had searched and discovered chemicals and a substance he thought was marijuana. Hollenbach called Officer Steven Wheeler of the Cheyenne Police Department, who concluded that the apartment had been used for a marijuana growing operation.
 
 
 3
 A subsequent investigation led to Lee Koontz, who told Wheeler that two men had been living at the apartment. Koontz gave Wheeler a description of a pickup truck and a car that had frequently been seen at the apartment. Later, Koontz showed Wheeler the location of the truck: parked in the driveway at a mobile home located at Terry Road in Cheyenne.
 
 
 4
 Wheeler, Hollenbach, and Special Agent Bill Gallatin of the state Drug Enforcement Team went to the trailer to interview the occupants. They did not have an arrest warrant or a search warrant. Dobbs and Van Thournout were residing in the trailer. Dobbs was out of town at the time the officers went to the mobile home. Van Thournout had placed a blanket in the doorway so that upon opening the door, no one could see inside.
 
 
 5
 After arriving, Wheeler and Hollenbach positioned themselves at the front door, and Gallatin stationed himself on the other side of the trailer. When Van Thournout opened the door, Wheeler held out his badge to identify himself, and he alleges that Van Thournout lunged at him. Van Thournout contends that the officers grabbed him, threw him over the railing, and jumped on him.
 
 
 6
 Wheeler and Hollenbach then arrested Van Thournout for assaulting a police officer. The arrest was made outside the home. Wheeler then summoned Deputy Sheriff John Mugg to take Van Thournout from the scene. As they waited for the deputies, the agents "watched the doorway in case the other man believed to be present in the trailer might appear." After the patrolmen arrived and took custody of Van Thournout, Wheeler and Hollenbach performed a protective sweep of the trailer.
 
 
 7
 In November 1991, both Van Thournout and Dobbs were charged with conspiracy to manufacture marijuana by cultivation (Count 1) and with the manufacture and aiding and abetting in the manufacture of marijuana (Court 2). Both men entered a conditional plea of guilty to Count 1, and Count 2 was dismissed. Both preserved their right to appeal the district court's denial of their motion to suppress.
 
 DISCUSSION
 A. PROTECTIVE SWEEP
 
 8
 Protective sweeps are permissible under the Fourth Amendment "in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." Maryland v. Buie, 110 S.Ct. 1093, 1100 (1990) (internal quotations omitted).
 
 
 9
 The Appellants argue that this protective sweep fell outside the Court's ruling in Buie for two reasons: (1) because it was an arrest outside of the home and (2) the officers did not have a reasonable belief that they were in danger of attack.
 
 
 10
 1. Application of protective sweep rule to out-of-home arrest
 
 
 11
 Despite the fact Buie involved an in-home arrest, subsequent courts, including this circuit, have held that the protective sweep concept can apply even when the arrest occurs outside of the home. See United States v. Soria, 959 F.2d 855 (10th Cir.1992) (police search of nearby autobody shop after arresting the owner was a valid protective sweep); United States v. Sheikh, 654 F.2d 1057, 1071-72 (5th Cir.1981), overruled on other grounds by United States v. Zuniga-Salinas, 952 F.2d 876 (5th Cir.1992) (holding valid a protective search of hotel room after defendant was arrested in hallway 12-15 feet from door).
 
 
 12
 Thus, we find that the protective sweep done in this case was not in violation of the Fourth Amendment merely because it was based on an arrest immediately outside of the defendants' home.
 
 2. Reasonableness of the Protective Sweep
 
 13
 Buie held that for a protective sweep to be justified, police must have "a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." Buie, 110 S.Ct. at 1100.
 
 
 14
 In the instant case, the district court found that the situation warranted a protective sweep of the trailer. The court wrote: "The unfolding of events had one defendant allegedly lunging at the agents, the possibility of another party in the trailer, a truck registered to one of the parties parked outside the residence, and the odor of growing marijuana in the air. A reasonably prudent agent would have done a protective sweep of the trailer in the interests of police safety."
 
 
 15
 Appellants contend that the danger must be immediate and real, not based on possibilities. They cite several cases in support of their argument. United States v. Owens, 782 F.2d 146, 151 (10th Cir.1986) (the protective sweep exception is "appropriate only where officers reasonably perceive an immediate danger to their safety"); United States v. Smith, 797 F.2d 836, 840 (10th Cir.1986) ("law enforcement officers must have reasonable grounds to believe that there is immediate need to protect their lives or others or their property") (emphasis supplied). Defendants further contend that immediate danger did not exist in this case.
 
 
 16
 While we agree that the danger to officers must be immediate in order to warrant a protective sweep, we find that such danger, in fact, did exist in this instance. As the district court found, one suspect had already lunged at the officers, and a second suspect was believed to be inside the mobile home, as evidenced by the presence of the truck outside. The officers were unable to see inside the mobile home because all of the windows had been obscured, heightening their sense of danger.
 
 
 17
 We cannot find that the officers' actions were unreasonable under these circumstances.
 
 A. UPWARD ADJUSTMENT IN SENTENCE
 
 18
 Section 3C1.1 of the Sentencing Guidelines states that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels."
 
 
 19
 The commentary and application notes to 3C1.1 provide that the enhancement applies to the following acts:
 
 
 20
 (f) providing materially false information to a judge or magistrate;
 
 
 21
 (g) providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense;
 
 
 22
 The defendant argues that the two-level increase for obstruction of justice is clearly erroneous. Citing comment (g) above, he contends that the use of an alias must actually result in a significant hindrance to the investigation or prosecution before an enhancement may be applied. He notes that the district court specifically found that the alias had not hampered the investigation into this case.
 
 
 23
 The Government contends that the hindrance standard only applies when a defendant gives a false identity to law enforcement officers. It contends that no specific hindrance to the prosecution must be shown when the defendant provides false information to a judge or magistrate. The Government contends that Van Thournout provided a false identity to the magistrate and the district court.
 
 
 24
 We find United States v. Gardiner, 931 F.2d 33 (10th Cir.1991), squarely on point. In that case, the defendant withheld his identity both at the time of arrest and at three separate court appearances before a United States magistrate. The district court found that by doing so, the defendant had perpetrated a "fraud" on the court. In a decision upheld by this court, the trial judge permitted an obstruction of justice enhancement based solely on Gardiner's use of an alias. Id. at 35.
 
 
 25
 Van Thournout attempts to make a distinction between affirmative misrepresentation and omission. He contends that the only time he was asked on the record what his real name was, he invoked his constitutional right to remain silent. While the court in Gardiner did not specifically address this issue, the facts indicate that the defendant withheld his identity, which is tantamount to what occurred here. Thus, we find that the district court did not err in granting the two-level upward departure.
 
 
 26
 For these reasons, the district court judgment is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Honorable Alfred T. Goodwin, United States Circuit Judge for the Ninth Circuit, sitting by designation