**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EVAN A. SAAVEDRA,

Defendant-Appellant.

No. 07-2192

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-07-382-JC)**

---

Submitted on the briefs:[*]

Charles E. Knoblauch, Albuquerque, New Mexico, for the Defendant-Appellant.

Laura Fashing, Assistant United States Attorney, (Larry Gomez, United States Attorney, with her on the brief) Office of the United States Attorney, Albuquerque, New Mexico, for the Plaintiff-Appellee.

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

[*]At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).

Evan A. Saavedra pleaded guilty to one count of being an addict or unlawful user of a controlled substance in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(3).  Saavedra received a sentence of 21 months' imprisonment, which he now appeals.  We conclude that the district court committed procedural error in calculating Saavedra's sentencing range, and therefore reverse and remand for resentencing.

**I**

On February 5, 2007, Albuquerque police officers pursued and stopped a vehicle after the driver, Saavedra, failed to observe a stop sign.  A dispatcher advised the officers that the vehicle's occupants might have been involved in a purse snatching, and the officers placed Saavedra and a passenger under arrest.  Saavedra then volunteered to the officers that he had a shotgun inside the vehicle.  A search revealed an unregistered, sawed-off 12-gauge shotgun with a barrel length of 13.25 inches and total length of 21 inches.  Officers also found seven rounds of shotgun ammunition.  Saavedra's girlfriend, the owner of the vehicle, later told police that he had borrowed the car from her to obtain the shotgun from a friend and deliver it to someone else.  She also told police that Saavedra was a habitual heroin user.  Saavedra confirmed both statements, adding that although he knew the weapon was "short," he thought that the barrel was 18 inches long.

Following his indictment, Saavedra and the government entered into a plea agreement. In return for the government dropping an unregistered-firearms count, Saavedra pleaded guilty to being a drug user in unlawful and knowing possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(3). In the agreement, he admitted the facts essential to support his guilty plea, including his possession of the shotgun, but did not make any admissions regarding his knowledge of the length of the shotgun barrel. The government made no promises regarding Saavedra's sentence other than to stipulate that he had accepted responsibility for his crime.

In arriving at a recommended sentencing range, Saavedra's Presentence Report ("PSR") applied § 2K2.1(a)(5) of the United States Sentencing Guidelines ("Guidelines"), which provides a base offense level of 18 for possession of certain types of weapons. Among these weapons are shotguns with barrels shorter than 18 inches. See 26 U.S.C. § 5845(a)(1). Allowing a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, the PSR calculated Saavedra's total offense level as 15. The PSR then arrived at a criminal history category of II, based in part on a prior misdemeanor conviction under an Albuquerque municipal ordinance prohibiting negligent use of a firearm. The PSR recommend a Guidelines sentencing range of 21-27 months' imprisonment.

Saavedra filed objections to the PSR. Relevant to this appeal, he challenged the application of § 2K2.1(a)(5), arguing that the guideline did not

apply because he did not admit knowing that the weapon had a 13.25-inch barrel. He also contended that his conviction for negligent use of a firearm should not count toward his criminal history category because the city ordinance under which he was convicted was without a parallel state law, and because he was convicted without the benefit of counsel. The district court denied each of Saavedra's objections and sentenced him to 21 months' imprisonment. Saavedra now appeals his sentence on these same three grounds.

## II

Our appellate review of a defendant's sentence "includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008). Saavedra challenges only the procedural reasonableness of his sentence, which requires, among other things, a properly calculated Guidelines range. Gall v. United States, 128 S. Ct. 586, 597 (2007). We review the district court's legal interpretation of the Guidelines de novo and its factual conclusions for clear error. See United States v. Todd, 515 F.3d 1128, 1135 (10th Cir. 2008).

## A

Saavedra first contends that we must read the guideline, § 2K2.1(a)(5), to contain a scienter requirement. Specifically, he asserts that the government must prove that he knew the shotgun barrel was shorter than 18 inches, the length

required for § 2K2.1(a)(5) to apply.  Although Saavedra does not dispute that the shotgun he possessed had a 13.25-inch barrel, he notes that he never admitted knowing that fact prior to his conviction.

To prove a violation of 18 U.S.C. § 922, the government generally must show that a defendant knew that a weapon had special characteristics that rendered the possession of that weapon a crime.  See United States v. Serrano, 406 F.3d 1208, 1212 (10th Cir. 2005).  Courts impose this scienter requirement because we follow a common-law presumption against penalizing defendants who have "knowledge only of traditionally lawful conduct."  Staples v. United States, 511 U.S. 600, 617 (1994).  In contrast, where a statutory sentencing provision rather than an element of the conviction is at issue, we have declined to impose a scienter requirement if the text does not expressly include one.  See United States v. Nava-Sotelo, 354 F.3d 1202, 1206 (10th Cir. 2003).

This precedent applies to the advisory Guidelines as well.  The text of § 2K2.1(a)(5) does not contain a scienter requirement, and we will not presume such a requirement.  Because Guidelines may "compound[] the punishment for the offense, but fall[] far short of criminalizing apparently innocent conduct," the common-law principles of Staples and its progeny do not apply.  Nava-Sotelo, 354 F.3d at 1207 (quotations omitted).  Accordingly, it is enough for the government to show that the weapon's characteristics fall within the guideline. See, e.g., United States v. Gonzalez-Lopez, 335 F.3d 793, 798 (8th Cir. 2003)

("The Sentencing Commission understands the difference between actus reas [sic] and mens rea and specifically includes a scienter element within a guideline when it intends mens rea to be considered."); United States v. Fry, 51 F.3d 543, 545-46 (5th Cir. 1995) (finding no scienter requirement in § 2K2.1(a)(3)); United States v. Chatman, 994 F.2d 1510, 1517 (10th Cir. 1993) (declining to read a scienter requirement into a guideline related to possessing a firearm during the commission of an offense); see also United States v. Brown, 514 F.3d 256, 269 (2d Cir. 2008); United States v. Thornton, 306 F.3d 1355, 1359 (3d Cir. 2002). The district court therefore properly applied the guideline.

**B**

Saavedra also argues that the court improperly calculated his criminal history category, and the government concedes that he may be correct. Saavedra was convicted of Negligent Use of Weapons under an Albuquerque municipal ordinance, Albuquerque, N.M., Code § 12-2-9. A local ordinance violation may be included in a defendant's criminal history calculation if it would also constitute a violation of state law.[1] See U.S.S.G. § 4A1.2(c); see also United

---

[1] The Guidelines in effect at the time of Saavedra's sentencing provided that a local ordinance violation would also count toward his criminal history if: "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1) (2006). The government has not argued, either before this court or before the district court, that either of these exceptions apply to Saavedra's Albuquerque ordinance violation, and we express no opinion on the matter. See United States v. Edgerton, 438 F.3d 1043, 1051 (10th Cir.

(continued...)

States v. Hooks, 65 F.3d 850, 855-56 (10h Cir. 1995).  Although the ordinance at issue and its state law analogue each forbid discharging or handling weapons under certain circumstances, they overlap only with regard to "endangering the safety of another by handling or using a firearm or other deadly weapon in a negligent manner" and perhaps carrying a firearm while under the influence of an intoxicant.  Compare Albuquerque, N.M., Code § 12-2-9, with N.M. Stat. § 30-7-4.  Thus, if Saavedra's ordinance violation resulted, for example, from "discharging a weapon within the city limits without justification," he would not have committed a crime under state law, and it would be improper to credit this violation toward his criminal history calculation.  See Albuquerque, N.M., Code § 12-2-9(A)(1).

The PSR contains no evidence detailing which section of the local ordinance Saavedra violated, nor does it reveal the nature of the conduct which earned him a conviction.  Despite this, the district court conducted no inquiry into

---

[1](...continued)
2006).  In any event, these exceptions will not apply on remand because effective November 1, 2007, local ordinance violations that are not also violations of state criminal law are "never counted" toward a defendant's criminal history. § 4A1.2(c)(2); see also § 1B1.11 (directing courts to apply the version of the Guidelines in effect at the time of sentencing unless doing so would invoke ex post facto concerns).

the matter.  The court therefore committed procedural error in calculating

Saavedra's criminal history category, and we remand for resentencing.[2]

### III

For these reasons, we **REVERSE** Saavedra's sentence and **REMAND** to

the district court with instruction to **VACATE** the sentence and resentence

Saavedra.

---

[2] Saavedra also urges that it was error to count this conviction toward his criminal history because he was sentenced to one day's imprisonment in the metropolitan court proceeding, yet allegedly not afforded counsel.  Because the district court must hold another sentencing hearing and may decline to count the violation for other reasons, we will not rule on this issue at the present time.