**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4378**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANGEL SANTILLAN,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:10-cr-00269-WO-1)

_____

Submitted:  December 7, 2011      Decided:  December 16, 2011

_____

Before KING, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark A. Jones, BELL, DAVIS & PITTS, PA, Winston-Salem, North
Carolina, for Appellant.  Ripley Rand, United States Attorney,
Michael A. DeFranco, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angel Santillan appeals his thirty-month sentence following a guilty plea to possession of a firearm by an unlawful alien, in violation of 18 U.S.C. § 922(g)(5) (2006). Santillan argues that the district court erred by (1) calculating his base offense level at twenty based upon his possession of a "short-barreled rifle," pursuant to the United States Sentencing Guidelines ("USSG") § 2K2.1(a)(4); and (2) applying a two-level enhancement for possession of a stolen firearm, pursuant to USSG § 2K2.1(b)(4). We affirm.

Santillan's claims of sentencing error are raised for the first time on appeal. Therefore, we review the sentence imposed for plain error. See Fed. R. Crim. P. 52(b). To establish plain error, Santillan must show that (1) an error was made; (2) the error is plain; (3) the error affects his substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings, warranting the exercise of this court's discretion to correct the error. United States v. Wilkinson, 137 F.3d 214, 223 (4th Cir. 1998) (internal quotation marks and citation omitted). In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th

Cir. 2005); see also United States v. Ford, 88 F.3d 1350, 1356 (4th Cir. 1996) ("[S]entencing a defendant at the wrong guideline range seriously affects the fairness, integrity, and public reputation of the judicial proceedings.").

USSG § 2K2.1(a)(4) provides a base offense level of twenty when a prohibited person commits an offense involving a "firearm that is described in 26 U.S.C. § 5845(a)," which includes a short-barreled rifle. Santillan argues that the district court committed plain error when it calculated his base offense level at twenty, pursuant to subsection (a)(4), "absent any evidence in the record that he knew that one of the two firearms was a short-barreled rifle."

We decline to impose a scienter requirement under § 2K2.1(a). See United States v. Saavedra, 523 F.3d 1287, 1289-90 (10th Cir. 2008) ("The text of § 2K2.1(a)(5) does not contain a scienter requirement, and we will not presume such a requirement."); United States v. Fry, 51 F.3d 543, 546 (5th Cir. 1995) ("[Section 2K2.1(a)(3)] is plain on its face and should not . . . be read to imply a scienter requirement."). Therefore, we hold the district court did not plainly err by calculating Santillan's base offense level at twenty pursuant to § 2K2.1(a)(4).

Santillan next contends that the district court's application of a two-level enhancement for possession of a

3

stolen firearm, pursuant to USSG § 2K2.1(b)(4), constituted plain error. Santillan argues that application of such an enhancement, absent evidence of his knowledge that the firearm was stolen, violates his due process rights. However, the commentary to § 2K2.1 explicitly authorizes a two-level increase "regardless of whether the defendant knew or had reason to believe that the firearm was stolen." USSG § 2K2.1, cmt. n.8(B). Moreover, several other circuits have expressly rejected constitutional challenges to the stolen gun enhancement. See, e.g., United States v. Martinez, 339 F.3d 759, 762 (8th Cir. 2003) ("We now join every other circuit to have addressed this issue and explicitly hold that § 2K2.1(b)(4) does not violate the constitution."); United States v. Murphy, 96 F.3d 846, 849 (6th Cir. 1996) (holding that stolen firearm enhancement does not violate due process); United States v. Griffiths, 41 F.3d 844, 846 (2d Cir. 1994) ("We now explicitly hold that § 2K2.1(b)(4) . . . does not violate the due process clause."). Thus, we find that the district court did not commit plain error in applying the two-level enhancement for possession of a stolen firearm.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED