FILED
United States Court of Appeals
Tenth Circuit

June 6, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RICARDO LIMON, a/k/a Gordo,

    Defendant-Appellant.

No. 11-3164

(D.C. No. 2:09-CR-20119-JWL-JPO-11)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]
_____

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.[**]

_____

Defendant pleaded guilty to Count 1 of the Second Superseding Indictment, which charged conspiracy to distribute and to possess with intent to distribute more than 5 kilograms of cocaine, more than 50 grams of methamphetamine, and a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(A)(viii), (b)(1)(D), 846, and 18 U.S.C. § 2. While in custody awaiting sentencing, Defendant threatened a co-defendant, Cesar Bonilla-Montiel, forcing Mr. Bonilla to sign affidavits that exonerated Defendant of involvement in drug-related criminal activity. At

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

sentencing, the district court determined Defendant's base offense level was 36. See U.S.S.G. § 2D1.1(c)(2) (2010). The district court then added two levels for obstruction of justice pursuant to § 3C1.1 for Defendant's conduct in forcing Mr. Bonilla to sign affidavits exculpating Defendant. The district court found Defendant "engaged in coercive behavior which caused Mr. Bonilla to prepare false affidavits exonerating [Defendant]." Rec. vol. 2, at 814–15. The court further commented: "I do not believe that Mr. Bonilla signed the affidavits out of the kindness of his heart. I believe he felt threatened . . . by the presence of [Defendant] . . . ." Id. at 815. "[S]o [Defendant's offense level adjustment for] obstruction of justice by procuring these false statements was appropriately administered. . . . I'm basing my finding on the affidavit issue, and that is sufficient as far as I am concerned." Id. at 815–16. The two-level adjustment for obstruction of justice resulted in an offense level of 38. The district court denied Defendant's request for a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Based on Defendant's criminal history of I and an offense level of 38, the Guidelines range was 235 to 293 months. Without the obstruction of justice adjustment, the offense level would have been 36, with an applicable Guidelines range of 188 to 235 months. The district court then sentenced Defendant to 235 months imprisonment. Defendant now appeals. Exercising jurisdiction under 18 U.S.C. § 3742, we affirm.

Defendant only challenges the procedural reasonableness of his sentence, "which requires, among other things, a properly calculated Guidelines range." United States v. Saavedra, 523 F.3d 1287, 1289 (10th Cir. 2008). "When evaluating the district court's

interpretation and application of the Sentencing Guidelines, we review legal questions de novo and factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." United States v. Mollner, 643 F.3d 713, 714 (10th Cir. 2011) (quoting United States v. Munoz-Tello, 531 F.3d 1174, 1181 (10th Cir. 2008)) (internal quotations marks omitted). "To be clearly erroneous, the finding must be 'simply not plausible or permissible in light of the entire record on appeal.'" United States v. Zapata, 546 F.3d 1179, 1192 (10th Cir. 2008) (quoting United States v. Morales, 108 F.3d 1213, 1225 (10th Cir. 1997)).

Defendant first argues "the district court failed to make any particularized findings concerning [Defendant's] intent to obstruct justice," and therefore the two-level increase for obstruction of justice is erroneous. Aplt. Br. at 10. Section 3C1.1 of the Guidelines reads as follows:

> If (A) the defendant *willfully* obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

(emphasis added). The Guidelines' commentary lists examples of obstruction of justice, including: "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." Id. § 3C1.1 cmt. n.4(A).

Defendant argues our decision in United States v. Gardiner, 931 F.2d 33 (10th Cir. 1991), requires "the district court to make an *express* finding concerning the defendant's intent" to obstruct justice. Aplt. Br. at 9 (emphasis added). Defendant's reliance on

Gardiner is misplaced. In Gardiner, the defendant repeatedly used an alias in court proceedings and did not confirm his true identity until the F.B.I. had determined his identity based on his fingerprints. Gardiner, 931 F.2d at 35. The presentence report stated the defendant intended to obstruct justice by using an alias. Id. The district court adopted the presentence report and added two levels to the defendant's offense level for obstruction of justice. Id. We affirmed, determining the facts supported the district court's finding that the defendant intended to obstruct justice. Id. Next, we said the district court had made the necessary finding of defendant's intent to obstruct justice by adopting the presentence report. Id. We said in Gardiner that "a defendant must have consciously acted with the purpose of obstructing justice." Id. But we didn't require the district court to make an express finding to that effect. Tenth Circuit precedent, in fact, indicates intent to obstruct justice can be *inferred* from the evidence. For example, in United States v. Bedford, 446 F.3d 1320, 1325 (10th Cir. 2006), a defendant admitted he swallowed cocaine to prevent the police from finding the drugs on him because possession of drugs would result in a revocation of his probation. We held this "admission *indicates* that he acted consciously . . . with the purpose of obstructing justice." Id. (emphasis added). In United States v. Pretty, 98 F.3d 1213, 1221 (10th Cir. 1996), we allowed a district court to make "fairly conclusory findings" regarding a defendant's intent to commit perjury and enhance his sentence for obstruction of justice. Likewise, in United States v. Hankins, 127 F.3d 932, 934–35 (10th Cir. 1997), we held a defendant's intent to obstruct justice can be shown based on his intent to conceal material

- 4 -

evidence when a defendant's conduct indicates "sufficiently unique, conscious action with a purpose of obstructing justice."

In our case, the district court found Defendant "engaged in coercive behavior which caused Mr. Bonilla to prepare false affidavits exonerating [Defendant]." Rec. vol. 2, at 814–15. The court further averred: "I do not believe that Mr. Bonilla signed the affidavits out of the kindness of his heart. I believe he felt threatened . . . by the presence of [Defendant] . . . so [Defendant's] obstruction of justice by procuring these false statements was appropriately administered." Id. at 815. In United States v. Heckard, 238 F.3d 1222, 1232–33 (10th Cir. 2001), we used similar findings by a district court to affirm the obstruction of justice adjustment. The defendant had threatened and forced a witness to sign a sworn statement exculpating the defendant. Id. at 1232. We concluded a "district court could easily have found Defendant's act to be an unlawful attempt to influence a witness, suborn perjury, or produce a false document during an official investigation." Id. The findings by the district court in Heckard align with the findings in the instant case because the district court here found Defendant had threatened and forced Mr. Bonilla to sign a sworn statement exculpating Defendant of involvement in drug-related criminal activity. Therefore, the statements by the district court were sufficient findings that Defendant willfully obstructed justice when he obtained false affidavits by threat.

Defendant alternatively argues his intent in obtaining these false affidavits was not to obstruct justice, but "to save skin and face in a jailhouse setting" because he "did not wish to be labeled a snitch." Aplt. Br. at 10–11. The district court rejected this argument

based on facts sufficient to support a finding that Defendant intended to obstruct justice. Furthermore, Defendant's argument the affidavits were to protect himself is implausible because the affidavits included only information exonerating Defendant from criminal liability, not information relating to whether Defendant was a jailhouse snitch. In short, the district court's finding that Defendant obstructed justice is not clearly erroneous, and the court was not required to make a separate and explicit finding as to Defendant's willfulness. Therefore, Defendant's sentence is procedurally reasonable.

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge