FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RICARDO LIMON, a/k/a Gordo,

Defendant – Appellant.

No. 13–3324
(D.C. Nos. 2:13-CV-02441-JWL and
2:09-CR-20119-JWL-JPO-11)
(D. Kan.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

After pleading guilty to conspiracy to distribute and possess with intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, more than 50 grams of methamphetamine, and detectable amounts of marijuana, Ricardo Limon was sentenced to 235 months in federal prison. Limon appealed his sentence and we affirmed. *See United States v. Limon*, 483 Fed. Appx. 522 (10th Cir. 2012) (unpublished). Limon then filed a motion under 18 U.S.C. § 2255 to set aside, correct, or vacate his sentence, which the district court denied. Proceeding pro se, Limon now attempts to appeal the district court's order, but in order to do so a certificate of appealability (COA) must issue. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v.*

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, claim preclusion, and issue preclusion. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

*Gonzales*, 596 F.3d 1228, 1241 (10th Cir. 2010). Like the district court, we cannot grant Limon's request for a COA even though we review his filings liberally. *See Lewis v. C.I.R.*, 523 F.3d 1272, 1273 n.2 (10th Cir. 2008). We therefore dismiss this appeal.

We will only issue a COA where the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This, in turn, requires a demonstration that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Put another way, our relatively straightforward task is to assess whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). If for procedural reasons the district court never reaches the merits of the constitutional claims, however, it must be "debatable whether the district court was correct in its procedural ruling," and also "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484.

In his § 2255 motion, Limon asserts violations of his constitutional rights under the Fifth, Sixth, and Eighth Amendments. He also challenges the validity of his sentence on non-constitutional grounds, claiming that the sentencing court unlawfully presumed his Guidelines sentence to be reasonable, improperly calculated his base offense level, wrongfully imposed two sentencing enhancements, and otherwise failed to adhere to 18 U.S.C. § 3553.

At the outset, we must deny a COA for all of Limon's non-constitutional claims because, while they assert violations of federal law, they do not assert the denial of a *constitutional right*. *See United States v. Gordon*, 172 F.3d 753, 754 (10th Cir. 1999) ("Petitions may be filed in district court alleging violations of the Constitution *or* federal law. The claims may only be appealed, however, if they involve the denial of *constitutional rights*.") (third emphasis added). What's more, we previously addressed the propriety of the district court's enhancement for obstruction of justice on direct appeal. *See Limon*, 483 Fed. Appx. at 524–25. The district court was therefore correct in refusing to consider this claim for procedural reasons. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (refusing to consider issues under § 2255 that we "previously considered and disposed of . . . on direct appeal").

As for the three constitutional claims, we first note that Limon failed to raise them before commencing these § 2255 proceedings. Under procedural default principles, § 2255 motions "are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152 (1982)). But the government failed to raise this procedural bar, and the district court chose not to enforce it sua sponte. We therefore review the district court's disposition on the merits.

Limon does not argue that the district court's assessment of the merits of his constitutional claims was debatable or wrong and we find nothing to justify the issuance of a COA in undertaking our own review. First, reasonable jurists could not debate the district court's resolution of the Fifth-Amendment claim. Limon bases this claim on the

sentencing court's denial of his request for a downward adjustment for acceptance of responsibility. As far as we can tell, he argues that the sentencing court applied the applicable Sentencing Guideline in a way that violated his right against self-incrimination. The district court got it right, however, in ruling that the denial of this type of downward adjustment is "not a penalty or enhancement of sentence implicating the Fifth Amendment." R. vol. 1, at 123; *see United States v. Anderson*, 15 F.3d 979, 981 (10th Cir. 1994) ("[D]enial of a U.S.S.G. § 3E1.1 downward adjustment is not a penalty or an enhancement of sentence implicating the Fifth Amendment.")

Second, reasonable jurists could not debate the district court's resolution of Limon's Sixth Amendment claim under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). As the district court concluded, *Alleyne* does not apply retroactively to cases on collateral review. *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013). And even if it did, the sentencing court did not find facts that increased the statutory sentencing range so as to violate Limon's Sixth-Amendment rights. *See Alleyne*, 133 S. Ct. at 2160 (holding that the Sixth Amendment provides defendants with the right to have a jury find those "facts that increase the prescribed range of penalties to which a criminal defendant is exposed."). To the contrary, the sentencing court imposed a sentence within the prescribed statutory range of ten years to life imprisonment, based on the quantity of drugs charged under Count One of the superseding indictment—to which Limon pleaded guilty. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II). "We have long recognized that broad sentencing discretion [within established limits], informed by judicial factfinding, does not violate the Sixth Amendment." *Alleyne*, 133 S. Ct. at 2163.

Third, we do not doubt the district court's resolution of Limon's Eighth-Amendment claim—nor do we think reasonable jurists could find it debatable. With this claim, Limon asserts that his sentence is so grossly disproportionate to the offense committed that it violates the Eighth Amendment's prohibition on cruel and unusual punishments. The district court rejected this claim because Limon's 235-month sentence was well within the statutory limits and because Limon had failed to show constitutional disproportionality to the severity of the drug offense of which he had been convicted. Again, Limon pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 5 *kilograms* of a mixture or substance containing a detectable amount of cocaine, more than 50 grams of methamphetamine, and detectable amounts of marijuana. On the record before us, we think there is no room for debate; Limon's case is simply not of the "extraordinary" variety for which the gross disproportionality principle is reserved. *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003); *see Ewing v. California*, 538 U.S. 11, 21 (2003) ("[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare."); *see also Harmelin v. Michigan*, 501 U.S. 957, 959-60 (1991) ("Although a sentence of life imprisonment without parole is the second most severe penalty permitted by law, it is not grossly disproportionate to Harmelin's crime of possessing more than 650 grams of cocaine.")

Finally, and for the first time, Limon raises claims for ineffective assistance of trial and appellate counsel. He argues that his lawyers were ineffective in failing to sufficiently challenge the obstruction-of-justice enhancement on various grounds.

Nothing in Limon's § 2255 motion can be construed as raising such claims. Accordingly, "we find no reason to deviate from the general rule that we do not address arguments presented for the first time on appeal," *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002), and decline to issue a COA on these issues.

Based on the foregoing, we do not believe Limon has made a substantial showing of the denial of a constitutional right. We therefore deny a certificate of appealability and dismiss this appeal.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge